UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBENEDETTI INVESTMENT ASSOCIATES,<br><br>    Plaintiff,<br><br>    v.<br><br>CIRCRAFT INCORPORATED, et al.,<br><br>    Defendants. | Case No. 23-cv-01454-RFL (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 115 |

The Court has considered the parties' joint statement, in which Plaintiff seeks to compel Travelers Casualty and Surety Co. to respond further to several requests for production and to one interrogatory. Dkt. 115. Travelers has the better position on the dispute, and the Court adopts the following analysis offered by Travelers, with bracketed modifications:

> [Plaintiff] [seeks] . . . (1) all documents relating to any insurance that might have been issued by Travelers to over 250 non-party tenants at [Plaintiff's] Property from 1966 to present who are not alleged or shown to be associated with the pollution at issue . . . ; and (2) every document relating in any way to [Plaintiff's] Property over that 58-year period, regardless of whether it is connected with Circraft. [As it stands,] [t]his is overly broad and unduly burdensome discovery . . . .
>
> This case is about specific pollution allegedly from operations of Circraft when it was a tenant at [Plaintiff's] Property from 1966 to 1993 and any insurance coverage that may be available to Circraft and its owners/operators to remediate such pollution. . . . [Plaintiff's] complaint does not allege facts connecting the alleged pollution with any of its other 250 tenants from 1966 to present. . . . Since the deadline to amend pleadings expired over a year ago, on January 15, 2025 (ECF 83), it is not reasonable to allow sweeping discovery now to locate and add new parties or claims.

Dkt. 115 at 4 (citations and emphasis omitted, paragraph break added).

While adopting the above analysis, the Court isn't suggesting that Plaintiff cannot obtain more discovery before the fact discovery cutoff on May 27, 2026. Dkt. 113. Some of what Plaintiff seeks may be relevant and proportional to the needs of the case. But Plaintiff, thus far, has presented the Court only with an all-or-nothing proposal, which is overly broad and won't be embraced. Plaintiff's request to compel further responses is denied without prejudice to more tailored requests after further efforts to meet and confer with Travelers.

**IT IS SO ORDERED.**

Dated: March 13, 2026

Alex G. Tse
United States Magistrate Judge