John R. Till        SBN 178763    JTill@PaladinLaw.com
Kirk M. Tracy      SBN 288508    KTracy@PaladinLaw.com
PALADIN LAW GROUP® LLP
1176 Boulevard Way
Walnut Creek, CA  94595
Telephone:      (805) 898-9700

Counsel for DeBenedetti Investment Associates

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeBenedetti Investment Associates, a California Limited Partnership<br><br>*Plaintiff*,<br><br>*v.*<br><br>CIRCRAFT INCORPORATED, et al.<br><br>*Defendants*.<br><br>AND RELATED COUNTERCLAIMS | Case No. 3:23-cv-1454-RFL<br><br>NOTICE OF JOINT MOTION AND JOINT MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br><u>Hearing</u>:<br>July 28, 2026<br>10:00 a.m.<br>Courtroom 4, 17th Floor<br><br>Action filed: March 28, 2023<br>Discovery cut-off:  May 27, 2026<br>Trial date: March 1, 2027 |

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Tuesday, July 28, 2026, at 10:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 4 on the 17th floor of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff and Counter-Defendant DeBenedetti Investment Associates ("DeBenedetti" or "Plaintiff"); and Defendants Robert Scott ("Scott"), Phase II,[1] Charles H. Young ("Young"), Estate of Lee Adams, Deceased ex. rel. Insurance Company of the West; Estate of Anne S. Adams, Deceased ex. rel. Insurance Company of the West (collectively, "ICW Estates"), Estate of Lee Adams, Deceased, ex. rel. Zurich American

---

[1] Scott and Phase II are also Counterclaimants.  ECF No. 38.

Insurance Company, as the successor by merger to Maryland Casualty Company, and the Estate of Anne S. Adams, Deceased, ex. rel. Zurich American Insurance Company, as the successor by merger to Maryland Casualty Company (collectively "ZAIC Estates"), Estate of Lee Adams, Deceased, ex. rel. Aetna Casualty and Surety Company and Estate of Anne S. Adams, Deceased, ex. rel. Aetna Casualty and Surety Company (collectively, "ACSC Estates") (collectively, "Defendants"); and Intervenors Zurich American Insurance Company ("Zurich") and Aetna Casualty and Surety Company ("ACSC") (collectively, "Intervenors") (collectively, the "Settling Parties") will, and hereby do, jointly move the Court for an order:

(1) determining that the settlement described below was entered into in good faith, pursuant to California Code of Civil Procedure § 877.6, subdivision (a)(1), and is fair, adequate and reasonable, consistent with the objectives of the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*; and

(2) barring all claims against the Settling Parties for matters covered by the settlement to the full extent allowed by state and federal law, pursuant to California Code of Civil Procedure § 877.6(c) and § 877(b) and CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1).

If any non-settlors wish to contest the good faith settlement, they must file their opposition papers with the Court and serve a copy of their opposition papers on each Settling Party at least nine court days before the hearing on the motion. Cal. Civ. Proc. Code § 1005(b).  In addition, all such opposition papers must be served by personal delivery, facsimile transmission, express mail, or other means consistent with California Code of Civil Procedure sections 1010, 1011, 1012, and 1013, and reasonably calculated to ensure delivery to the Settling Parties not later than the close of the next business day after the time the opposing papers are filed.  *Id.* at § 1005(c).

The Settling Parties' joint motion is made pursuant to California Code of Civil Procedure section 877.6(a)(1).

The Settling Parties' joint motion is based upon this Notice of Joint Motion and Joint Motion, the Memorandum of Points and Authorities below, the Declaration of John R. Till (including the Settling Parties' Settlement Agreement, attached thereto) and the Proposed Order



JOINT NOTICE AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

filed concurrently herewith, and such additional evidence and/or argument as may be presented by the Settling Parties in their reply papers and/or at the hearing on their motion.

Respectfully submitted,

DATED: June 22, 2026                    PALADIN LAW GROUP® LLP

By: */s/ John R. Till*_____
John R. Till
Kirk M. Tracy
Counsel for DeBenedetti Investment Associates

DATED: June 22, 2026                    STANZLER LAW GROUP

By: */s/ Jordan S. Stanzler*_____
Jordan S. Stanzler
Counsel for Defendants Robert Scott and Phase II

DATED: June 22, 2026                    WOOD SMITH HENNING & BERMAN LLP

By: */s/ David Wood*_____
David Wood
Mark D'Argenio
Counsel for Defendant Charles H. Young and Intervenor Zurich American Insurance Company intervening on behalf of Defendant Circraft, Inc.

DATED: June 22, 2026                    SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC

By: */s/ Sharon R. Lewis*_____
Blaise S. Curet
Sharon R. Lewis
Counsel for Defendants, Estate of Lee Adams, Deceased, ex. rel. Zurich American Insurance Company, as the successor by merger to Maryland Casualty Company, and Estate of Anne S. Adams, Deceased, ex. rel. Zurich American Insurance Company, as the successor by merger to Maryland Casualty Company



-3-                    Case No. 3:23-cv-1454-RFL

DATED: June 22, 2026      HIRSCH CLOSSON, APLC

By: *Jodi E. Lambert*
Robert V. Closson
Jodi E. Lambert
Counsel for Defendant Estate of Lee Adams,
Deceased ex. rel. Insurance Company of the West;
Estate of Anne S. Adams, Deceased ex. rel.
Insurance Company of the West

DATED: June 22, 2026      CLYDE & CO US LLP

By: */s/ Brian D. Harrison*
Alexander E. Potente
Brian D. Harrison
David M. Rhodes
Counsel for Intervenor Travelers Casualty and
Surety Company, formerly known as The Aetna
Casualty and Surety Company, an insurer of Circraft
Inc., a suspended corporation

DATED: June 22, 2026      CLYDE & CO US LLP

By: */s/ Brian D. Harrison*
Alexander E. Potente
Brian D. Harrison
David M. Rhodes
Attorneys for Defendants, Estate of Lee Adams,
Deceased, ex. rel. Aetna Casualty & Surety
Company, and Estate of Anne S. Adams, Deceased,
ex. rel. Aetna Casualty & Surety Company Inc.

## Signature Attestation

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document had been obtained from each of the other signatories whose signatures are indicated by a conformed signature ("/s/") within this e-filed document.

DATED: June 22, 2026      PALADIN LAW GROUP® LLP

By: */s/ John R. Till*
John R. Till
Kirk M. Tracy
Counsel for DeBenedetti Investment Associates



JOINT NOTICE AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

**TABLE OF CONTENTS**

I.      INTRODUCTION.................................................................................................... 7

II.     BACKGROUND.................................................................................................... 8

III.    SETTLEMENT AGREEMENT .......................................................................... 10

    A.    Parties and Settling Parties:.......................................................................... 10

    B.    Terms: ........................................................................................................... 11

        1.    Settlement Payment:.............................................................................. 11

        2.    Mutual Releases: ................................................................................... 11

        3.    Good Faith Determination and Elisor: .................................................. 12

    C.    Costs DeBenedetti has incurred for investigation, mitigation, and abatement of contamination:........................................................................................................ 12

IV.     ARGUMENT ....................................................................................................... 12

    A.    Federal courts can determine a settlement is in good faith. .............................. 12

    B.    California law provides that the Settling Parties are entitled to a determination that the Settlement Agreement was made in good faith. ........................................................ 13

        1.    Factors One, Two, and Four: a rough approximation of Settling Parties' proportional liability, the amount paid, and recognition of settlor paying less than if found liable at trial. 15

        2.    Factor Three: Allocation Among Plaintiffs. ................................................... 16

        3.    Factor Five: Financial Condition and Insurance Policy Limits. .................................. 16

        4.    Factor Six: Collusion, Fraud, or Tortious Conduct to Injure the Non-Settling Defendants.......................................................................................................... 16

    C.    The Court Should Issue an Order Barring Claims by Joint Tortfeasors. .......................... 16

V.      CONCLUSION ..................................................................................................... 18



JOINT NOTICE AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**TABLE OF AUTHORITIES**

**CASES**

*AmeriPride Services Inc. v. Valley Indus.*, No. CIV.S-00-113-LKK JFM, 2007
U.S. Dist. LEXIS 51364, 2007 WL 1946635, at *2 (E.D. Cal. July 2, 2007) ......................17

*Arizona v. City of Tucson*, 761 F.3d 1005 (9th Cir. 2000)...........................................................18

*City of Emeryville v. Robinson*, 621 F.3d 1251 (9th Cir. 2010)............................................17, 18

*City of Grand Terrace v. Superior Court*, 192 Cal. App. 3d 1251 (1987)................................14

*Far W. Fin. Corp. v. D & S Co.*, 46 Cal. 3d 796 (1988).............................................................17

*Fed. Savings & Loan Ins. Corp. v. Butler*, 904 F.2d 505 (9th Cir. 1990)..................................12

*Franklin v. Kaypro Corp.*, 884 F.2d 1222 (9th Cir. 1989)..........................................................17

*Heim v. Estate of Heim*, No. 5:10-CV-03816-EJD, 2014 U.S. Dist. LEXIS 46297,
at *13 (N.D. Cal. Apr. 2, 2014).............................................................................................17

*Horton v. Superior Court*, 194 Cal. App. 3d 727 (1987)............................................................15

*Mason & Dixon Intermodal, Inc. v. Lapmaster Intern'l, LLC.*, 632 F.3d 1056 (9th
Cir. 2011) ...............................................................................................................................12

*N. County Contractor's Ass'n v. Touchstone Ins. Servs.*, 27 Cal. App. 4th 1085
(1994) .....................................................................................................................................14

*San Diego Unified Port Dist. v. Gen. Dynamics Corp.*, No. 07-cv-01955-BAS-
WVG, 2017 U.S. Dist. LEXIS 95076, at *15 (S.D. Cal. June 20, 2017) ............................17

*Singer Co. v. Superior Court*, 179 Cal. App. 3d 875 (1986) ......................................................17

*Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, 38 Ca1.3d 488 (1985).....................13, 14, 15

*United States v. Western Processing Co., Inc.*, 756 F. Supp. 1424 (W.D. Wash.
1990) ......................................................................................................................................17

**STATUTES**

Cal. Code Civ. Proc. § 877...............................................................................................13, 17

Cal. Code Civ. Proc. § 877.6.......................................................................................13, 14, 16



JOINT NOTICE AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## I.    INTRODUCTION

Plaintiff and Counter-Defendant DeBenedetti Investment Associates ("DeBenedetti" or "Plaintiff"); and Defendants Robert Scott ("Scott"), Phase II, Charles H. Young ("Young"), Estate of Lee Adams, Deceased ex. rel. Insurance Company of the West; Estate of Anne S. Adams, Deceased ex. rel. Insurance Company of the West (collectively, "ICW Estates"), Estate of Lee Adams, Deceased, ex. rel. Zurich American Insurance Company, as the successor by merger to Maryland Casualty Company, and the Estate of Anne S. Adams, Deceased, ex. rel. Zurich American Insurance Company, as the successor by merger to Maryland Casualty Company (collectively "ZAIC Estates"), Estate of Lee Adams, Deceased, ex. rel. Aetna Casualty and Surety Company and Estate of Anne S. Adams, Deceased, ex. rel. Aetna Casualty and Surety Company (collectively, "ACSC Estates") (collectively, "Defendants"); and Intervenors Zurich American Insurance Company ("Zurich") and Aetna Casualty and Surety Company ("ACSC") (collectively, "Intervenors") (collectively, the "Settling Parties") have reached an agreement for the settlement of all claims and disputes in this matter between Settling Parties, pursuant to the terms set forth in the written agreement between the Settling Parties (the "Settlement Agreement", a true and correct copy of which is attached as **Exhibit 1** to the concurrently filed Declaration of John R. Till ("Till Decl.").[2]

To avoid litigation expenses and the risks of a trial, the Settling Parties negotiated, in good faith and at arms' length, at a settlement conference with Magistrate Judge Thomas S. Hixson on August 20, 2025, and continued to negotiate among themselves for the subsequent 9 months, an agreement for the settlement of all claims and disputes in this matter between them. The terms of their settlement are set forth in the Settlement Agreement. Till Decl. ¶¶ 4-7, Exh. 1.

The Settlement Agreement, in a nutshell, provides that, if it is approved by the Court, and

---

[2] The Settling Parties are concurrently filing a Joint Administrative Motion for permission to submit under seal the amounts of the settlement payments to be made pursuant to the Settlement Agreement (the "Settlement Amounts"). The version of the Settlement Agreement attached to the Declaration of John R. Till has the Settlement Amounts redacted. The Settlement Agreement with the Settlement Amounts unredacted is attached as Exhibit 1 to the Declaration of Brian Harrison accompanying the Joint Administrative Motion to Seal ("Harrison Sealing Decl."). Since the Settling Parties are moving to seal the Settlement Amounts, those amounts are not stated in this motion.



JOINT NOTICE AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

if the Court approves the Parties' joint application for appointment of an elisor and execution of the Settlement Agreement by an elisor, the Insurer Parties will, in exchange for mutual releases and other good and adequate consideration as provided in the Settlement Agreement and as requested in this joint motion, pay the Settlement Amounts to DeBenedetti. Till Decl. ¶ 11. Such consideration includes, and the settlement is contingent upon, this Court approving the settlement as a "good faith settlement" and ruling that all claims for contribution or indemnification, however denominated, against the Settling Parties for matters covered by the Settlement Agreement are barred to the full extent allowed by federal and state law. Till Decl. ¶ 11, Exh. 1 § 1.

Accordingly, the Settling Parties hereby jointly move the Court for an order: (1) determining that the settlement as described in the Settlement Agreement was entered into in good faith, pursuant to California Code of Civil Procedure § 877.6, subdivision (a)(1), and that the settlement is fair, adequate, and reasonably consistent with the objectives of CERCLA, 42 U.S.C. § 9601 *et seq.*; and (2) barring all claims against the Settling Parties for matters covered by the Settlement Agreement to the full extent allowed by state and federal law, pursuant to California Code of Civil Procedure § 877.6(c) and § 877(b) and CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1).

The Settling Parties' joint motion is made on the ground that the settlement was reached in good faith, within the meaning of California Code of Civil Procedure § 877.6, subdivision (a)(1), and is fair, adequate, and reasonably consistent with the objectives of CERCLA, 42 U.S.C. § 9601 *et seq.*, and is based upon the Notice above, this Memorandum, as well as the Till Declaration, the Settlement Agreement (Till Decl., at Exh. 1 (Settlement Agreement with Settlement Amounts redacted) and Harrison Sealing Decl. Exh. 1 (Settlement Agreement with Settlement Amounts unredacted)), the Proposed Order concurrently filed herewith, and such additional evidence and/or argument as may be presented by the Settling Parties in their reply papers in support of their motion and/or at the hearing on their motion.

## II.   BACKGROUND

Plaintiff alleges that hazardous wastes—primarily tetrachloroethylene ("PCE") and trichloroethylene ("TCE") and their breakdown products—were released at Plaintiff's property (the "Property") in Belmont, California. *See generally* First Am. Compl. ("FAC"), ECF No. 31. Plaintiff



-8-                                      Case No. 3:23-cv-1454-RFL

JOINT NOTICE AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

DeBenedetti Investment Associates holds a ground lease for the Property and has acted as landlord since at least 1981 and is a successor in interest to Carl DeBenedetti and Clyde DeBenedetti, who are former owners, operators, and landlords of the Property. *Id.* ¶ 3. The only alleged source of contamination at the Site is the historical operations of Circraft Incorporated ("Circraft"), a suspended California corporation, that continuously owned and operated a metal-plating and printed circuit board facility at the Property from approximately 1966 until 1993. Till Decl. ¶ 8.

As a result of the contamination, the San Francisco Regional Water Quality Control Board ("RWQCB") has required DeBenedetti to investigate and remediate the contamination at and emanating from the Property—DeBenedetti has incurred and will continue to incur costs in response to the contamination. Till Decl. ¶ 10.

With litigation costs continuing to increase with fact discovery, expert discovery, and dispositive motions deadlines approaching, including the scheduling of additional depositions, the parties stipulated to a request for the Court to set a settlement conference, filed June 23, 2025. ECF No. 95. The Settling Parties negotiated, in good faith and at arms' length, at a settlement conference with Magistrate Judge Thomas S. Hixson on August 20, 2025, *see* ECF No. 103 (settlement conference minutes), and continued to negotiate among themselves for the subsequent 9 months, an agreement for the settlement of all claims and disputes in this matter between them. The Settlement Agreement was entered into only after the Settling Parties had participated in multiple settlement discussions throughout this litigation, including numerous telephone conversations and email communications, as well as the August 2025 settlement conference, in an attempt to finally settle and resolve this matter as between them. Till Decl. ¶ 5. They negotiated with each other in good faith and at arms' length through, and with the independent advice of, their respective counsel. *Id.* ¶ 6.

On May 22, 2026, the Settling Parties notified the Court of the Settlement Agreement, which will fully resolve this action upon the Settling Parties' performance of their duties under the Settlement Agreement, and their intent to request the Court's approval of the Settling Parties' Good Faith Settlement, the Court's appointment of the Clerk of the Court as an elisor to sign the Settlement Agreement on behalf of Circraft, Inc., Estate of Lee Adams, Deceased, and Estate of

Anne S. Adams, Deceased, and the Clerk's signing of the Settlement Agreement on behalf of those parties.  ECF No. 121.

### III.    SETTLEMENT AGREEMENT

#### A.  Parties and Settling Parties:

The named parties in this action include Plaintiff and Counter-Defendant DeBenedetti; and Defendants Circraft Incorporated, Scott, Phase II,[3] Young, Estate of Lee Adams, Deceased, Estate of Anne S. Adams, Deceased, and Peter Apostolos.

DeBenedetti dismissed its claims against Peter Apostolos, without prejudice, on May 30, 2025 (a corrected stipulation of dismissal with all appropriate signatures included was filed June 23, 2025). ECF Nos. 93-94.

Zurich subsequently intervened on behalf of Circraft, in addition to defending Young, and filing an answer to the FAC for both Young and Zurich on April 26, 2024. ECF Nos. 51, 53.

ACSC intervened on behalf of Circraft and filed an answer to the FAC on July 12, 2024. ECF No. 73.

Plaintiff served the summons and FAC on several insurance carriers believed to insure Circraft and Estate of Lee Adams, Deceased, and the Estate of Anne S. Adams, Deceased, including service pursuant to California Corporations Code and California Probate Code, §§ 550 through 555. In response, **ICW Estates** filed their answer to the FAC on June 27, 2024. ECF No. 61. **ZAIC Estates** timely filed an answer to the FAC on July 15, 2024. ECF No. 75. **ACSC Estates** filed an answer to the FAC on September 3, 2024. ECF No. 84.

All of the parties remaining in this matter are parties to the Settlement Agreement.  The Settlement Agreement defines the parties to the agreement as:

    A. DeBenedetti Investment Associates, a California Limited Partnership, and on behalf of the DeBenedetti Parties as defined below ("DeBenedetti").

    B. Travelers Casualty and Surety Company, formerly known as The Aetna Casualty and Surety Company, and on behalf of the Travelers Parties as defined below ("Travelers").

    C. Zurich American Insurance Company, as the successor by merger to Maryland Casualty

---

[3] Scott and Phase II are also Counterclaimants.  ECF No. 38.



JOINT NOTICE AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Company, and on behalf of the ZAIC Parties as defined below ("ZAIC").

D. Insurance Company of the West and on behalf of the ICW Parties as defined below ("ICW").

E. Circraft, Inc., by and through the Insurer Parties to the extent of the Travelers Policies, ICW Policies, and ZAIC Policies, and pursuant to the Parties' forthcoming joint application to the Court to appoint an elisor to sign this Agreement on behalf of Circraft and as defined below (collectively, "Circraft").

F. Robert Scott and Phase II, Inc. (collectively "Scott").

G. Charles H. Young ("Young").

H. Estate of Lee Adams and Estate of Anne S. Adams, both deceased, by and through the Insurer Parties to the extent of the Travelers Policies, ICW Policies, and ZAIC Policies, and pursuant to the Parties' forthcoming joint application to the Court to appoint an elisor to sign this Agreement on behalf of the Estate of Lee Adams and the Estate of Anne S. Adams (collectively, "Adams Estates").

Settlement Agreement, at 1.

**B. Terms:**

Pursuant to the specific terms and conditions in the Settlement Agreement, the Settling Parties agree to the following:

**1. Settlement Payment:**

Travelers, ZAIC, and ICW (collectively, "Insurer Parties") have agreed to pay DeBenedetti the Settlement Amounts to settle the case, in exchange for the dismissal of all claims between Settling Parties. Settlement Agreement § 1.

**2. Mutual Releases:**

As more fully explained in the agreement, the Settlement Agreement contains mutual releases by the Settling Parties of any claims arising out of or in any way connected to the claims that were or could have been brought by the Settling Parties in this matter and in any way relating to, arising out of, in connection with, and/or involving this litigation, Circraft's operations, or the alleged contamination at the Site. *See* Settlement Agreement § 2.



**3. Good Faith Determination and Elisor:**

The Settlement Agreement is contingent upon the Court making the findings and determinations requested herein, *see* Settlement Agreement § 18, and the Court's appointment of the Clerk of the Court as an elisor to sign the Settlement Agreement on behalf of Circraft, Inc., Estate of Lee Adams, Deceased, and Estate of Anne S. Adams, Deceased, and the Clerk's signing of the Settlement Agreement on behalf of those parties. *Id.* § 19.

**C. Costs DeBenedetti has incurred for investigation, mitigation, and abatement of contamination:**

DeBenedetti has allegedly incurred over **$851,601.79** in response to the contamination at issue in this matter, including investigation and remediation performed to date, not including attorneys' fees and litigation costs. Till Decl. ¶ 12. Furthermore, DeBenedetti worked with its environmental consultant to develop an estimate for the total cost of additional work to be performed at the Site. That good-faith estimate for total costs to be incurred, plus contingency, equals $1,338,004. Till Decl. ¶ 13. This totals approximately $2,189,605.79 in costs DeBenedetti alleges is a direct result of Circraft's contamination at the Site.

## IV.    ARGUMENT

**A. Federal courts can determine a settlement is in good faith.**

A settling party may seek a determination that a settlement was made in good faith under California Code of Civil Procedure §§ 877 and 877.6 in federal court. *See Mason & Dixon Intermodal, Inc. v. Lapmaster Intern'l, LLC.*, 632 F.3d 1056, 1064 (9th Cir. 2011) (holding that the district court correctly applied California law, section 877, to resolve the third party defendant and cross-claimant ITG Transportation's motion to dismiss pursuant to good faith settlement); *see also Fed. Savings & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990) ("section 877.6 is essentially a procedural statute. The section 877.6 procedures do not govern a federal action even though the settlement agreement provides that California law applies. It is the substantive provisions of California law that are applicable (in this case section 877). However, nothing is to prevent the district court from granting a motion for an early determination of the good faith question. In fact, it makes eminent good sense to do so.").

**B. California law provides that the Settling Parties are entitled to a determination that the Settlement Agreement was made in good faith.**

California Code of Civil Procedure § 877 provides for the release of a settling party from any liability in an action if the settlement or dismissal is reached in good faith. This section provides, in pertinent part:

> "Where a release, dismissal with or without prejudice or a covenant not to sue or not to enforce judgment is given in good faith before verdicts to or judgment to one or more of the number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights, . . . (b) it shall discharge the tortfeasor to whom it is given from all liability for any contribution to any other tortfeasors."

Cal. Code Civ. Proc. § 877.

California Code of Civil Procedure § 877.6 also provides, in pertinent part: "(b) The issue of the good faith of a settlement may be determined by the court on the basis of affidavits served with the notice of hearing and any counter-affidavits filed in response thereto, or the court may, in its discretion receive other evidence at the hearing." Cal. Code Civ. Proc. § 877.6(b).

The California Supreme Court analyzed California Code of Civil Procedure § 877.6 in *Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, 38 Ca1.3d 488 (1985). In *Tech-Bilt*, the Court held that to properly define "good faith," a trial court should inquire as to whether the amount of the settlement was in the "reasonable range" of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injury, taking into consideration the facts and circumstances in the particular case. *Id.* at 499. Whether a settling defendant paid less than its theoretical proportionate or fair share did not necessarily indicate "bad faith." *Id.* Instead, the Court reasoned that such a rule would unduly discourage settlements: "The damages are often speculative, and the probability of legal liability therefor is often uncertain or remote. And even where the claimant's damages are obviously great, and the liability therefor certain, a disproportionately low settlement figure is often reasonable in the case of a relatively insolvent, and uninsured or underinsured tortfeasor." *Id.* at 500.

The Court further enumerated factors to be taken into account when determining whether the settlement is within the "reasonable range" so as to be considered a good faith settlement as

follows:

1. Approximation of the plaintiff's potential total recovery and the settlor's proportional liability;

2. The amount paid in settlement;

3. The allocation of settlement proceeds among plaintiffs;

4. Recognition that a settlor should pay less in settlement than if he or she was found liable after trial;

5. Financial condition and insurance policy limits of settling defendant; and,

6. The existence of collusion, fraud, or tortious conduct to injure the non-settling defendants.

The above factors are addressed in light of the practical consideration that the trial court's "evaluation be made on the basis of information available at the time settlement." *Id.* at 500-01. A settlement figure must not be grossly disproportionate to what a reasonable person would estimate the settling party's liability to be at the time of the settlement. The party asserting the lack of good faith has the burden of proof that the settlement is "so far out of the ballpark" in relation to these factors that it is inconsistent with the equitable objectives of § 877.6. *See* Cal. Code Civ. Proc. § 877.6(d); *Tech-Bilt*, 38 Cal.3d at 499; *N. County Contractor's Ass'n v. Touchstone Ins. Servs.*, 27 Cal. App. 4th 1085, 1091 (1994). The settling party's proportionate share of liability is a critical factor and "the ultimate determination of good faith is whether the settlement is grossly disproportionate to what a reasonable person at the time of settlement would estimate the settling parties' liability to be." *City of Grand Terrace v. Superior Court*, 192 Cal. App. 3d 1251, 1262 (1987).

Here, the Insurer Parties, as insurers, alleged insurers, or potential insurers of Circraft, Young, and/or Scott (see definition of "Travelers Policies," "ICW Policies," and "ZAIC Policies" at Settlement Agreement, Definitions C, E, and G), have agreed to pay the Settlement Amounts to resolve DeBenedetti's claims and Scott's counterclaims.

/ / /

/ / /



-14-                                        Case No. 3:23-cv-1454-RFL

**1. Factors One, Two, and Four: a rough approximation of Settling Parties' proportional liability, the amount paid, and recognition of settlor paying less than if found liable at trial.**

As delineated in *Tech-Bilt*, in determining a settling defendant's equitable proportionate share of liability, the court does not look to the plaintiff's claim for damages, but rather, the judge tries to determine a "rough approximation" of what the plaintiff would actually recover if the plaintiff were to proceed to trial. As the court stated in *Horton v. Superior Court*, 194 Cal. App. 3d 727 (1987): "This amount has been discounted for settlement purposes based on the savings of trial time, defense costs, attorney's fees, and the avoidance of the risk inherent in every trial of a verdict or judgment larger than expected."

The ultimate cost to investigate and remediate contamination at the Property is uncertain because the investigation and remediation is ongoing and will not be completed prior to trial. DeBenedetti's environmental consultant developed an estimate for the total cost of additional work to be performed at the Site, plus contingency, to be $1,338,004. Till Decl. ¶ 13. This plus expenses allegedly incurred by DeBenedetti to date totals approximately $2,189,605.79 DeBenedetti alleges is a direct result of Circraft's contamination at the Site.

Insurer Parties have agreed to pay the Settlement Amounts to DeBenedetti to settle the case, in exchange for the dismissal of all claims between Settling Parties. The Settlement Amounts would reimburse a substantial part of the costs already incurred by DeBenedetti, and represent a meaningful part of the total costs incurred plus the good faith estimate of future costs provided by DeBenedetti's consultant. The settlement amount is well within the ballpark of total costs sought by DeBenedetti.

As noted above, the Insurer Parties are paying under policies allegedly issued to Circraft, the only alleged source of the contamination at the site, and those policies allegedly contain pollution exclusions that may preclude coverage in this matter.

The cases construing Code of Civil Procedure § 877.6 are replete with references to a strong policy encouraging settlements, and *Tech-Bilt* notes that a discount is particularly warranted for those who settle without the burden of trial. "[A] settlor should pay less in settlement than he would if he were found liable at trial." *Tech-Bilt*, 38 Cal. 3d at 499. Those considerations apply here as

-15-                                                          Case No. 3:23-cv-1454-RFL

Settling Parties are settling before trial, thus helping DeBenedetti direct more of its resources toward remediating the environmental contamination and less toward litigation.

### 2. Factor Three: Allocation Among Plaintiffs.

The settlement payment is being made only to DeBenedetti.

### 3. Factor Five: Financial Condition and Insurance Policy Limits.

Circraft is a suspended corporation and the insurance assets identified in this litigation are the only source of recovery from Circraft of which DeBenedetti is aware. Till Decl. ¶ 14.  While the settlement does not equal the insurance policy limits at issue, the Insurer Parties dispute the existence and extent of insurance coverage, making a settlement for less than full policy limits reasonable under the circumstances. Till Decl. ¶ 15. The numerous settlement negotiations in this matter included thorough discussion of possible coverage issues. Till Decl. ¶ 16.  This factor weighs in favor of a good faith settlement determination.

### 4. Factor Six: Collusion, Fraud, or Tortious Conduct to Injure the Non-Settling Defendants.

Finally, DeBenedetti, which has already incurred more than $800,000 in response costs, has agreed to settle its claims against the other Settling Parties for the Settlement Amounts. As set forth in the Declaration of John R. Till, this Settlement Agreement is the product of arms' length negotiations among experienced counsel, including a settlement conference with Magistrate Judge Thomas S. Hixson, with no other parties identified to be named in this action. Till Decl. ¶¶ 5-7, 14. The material terms of the settlement have been disclosed. There is no evidence of collusion, fraud, or deceit with regard to this settlement. It is both fair and equitable.

Under *Tech-Bilt*, this settlement was made in good faith.

## C. The Court Should Issue an Order Barring Claims by Joint Tortfeasors.

California Code of Civil Procedure section 877.6 also provides in relevant part that "[a] determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. Civ. Proc. Code § 877.6(c); *see Heim v. Estate of Heim*, No.

5:10-CV-03816-EJD, 2014 U.S. Dist. LEXIS 46297, at *13 (N.D. Cal. Apr. 2, 2014) ("[A] tort defendant who has entered into a good faith settlement within the meaning of section 877.6, subdivision (c) is absolved of any further liability . . . including claims seeking total equitable immunity.") (*Far W. Fin. Corp. v. D & S Co.*, 46 Cal. 3d 796, 817 (1988); *see also* Cal. Civ. Proc. Code § 877(b) ("[A] release . . . given in good faith . . . shall discharge the party to whom it is given from all liability for any contribution to any other parties."). A good faith determination and bar order are "necessary to allow the settling tortfeasor to extricate himself from the continuing burden of litigation." *Singer Co. v. Superior Court*, 179 Cal. App. 3d 875, 885 (1986).

In addition to often following this rule for state-law claims, federal courts also employ their own almost identical rule for federal-law claims. "Under federal law, . . . courts have approved settlements and entered bar orders." *Heim*, 2014 U.S. Dist. LEXIS 46297, at *13–14 (citing *AmeriPride Services Inc. v. Valley Indus.*, No. CIV.S-00-113-LKK JFM, 2007 U.S. Dist. LEXIS 51364, 2007 WL 1946635, at *2 (E.D. Cal. July 2, 2007); *United States v. Western Processing Co., Inc.*, 756 F. Supp. 1424, 1432–33 (W.D. Wash. 1990)). "Such an order is appropriate to facilitate settlement . . . ." *Id.* "Within the Ninth Circuit, a court's authority to review and approve settlements and to enter bar orders has been expressly recognized." *Id.* (citing *Franklin v. Kaypro Corp.*, 884 F.2d 1222 (9th Cir. 1989) (approving settlement of claims and entering bar orders in the context of federal securities laws)).

"[O]ne of CERCLA's purposes is to encourage settlement through providing contribution protection—that is, preventing settling parties from being later sued for contribution by other joint tortfeasors." *San Diego Unified Port Dist. v. Gen. Dynamics Corp.*, No. 07-cv-01955-BAS-WVG, 2017 U.S. Dist. LEXIS 95076, at *15 (S.D. Cal. June 20, 2017) (citing, *e.g.*, *City of Emeryville v. Robinson*, 621 F.3d 1251, 1264 (9th Cir. 2010)). Settlements between private parties in environmental contamination actions implicate a court's ability to provide contribution protection based on CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1). *Id.* at *16. If a court determines that a private party settlement in an environmental contamination action "is procedurally and substantively 'fair, reasonable, and consistent with CERCLA's objectives,'" it has the discretion, pursuant to CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), to issue an order barring contribution,



equitable indemnity, and similar claims against the settling parties. *Id.* at *12-25 (quoting *Arizona v. City of Tucson*, 761 F.3d 1005, 1012 (9th Cir. 2000)).

Accordingly, pursuant to the authorities discussed above, the Settling Parties hereby jointly apply to this Court for an Order:

(1) determining that their settlement, described above, was entered into in "good faith" pursuant to Code of Civil Procedure section 877.6, and is procedurally and substantively fair, reasonable, and consistent with the objectives of CERCLA §§ 101-175, 42 U.S.C. §§ 9601-9675; and

(2) barring all claims against the Settling Parties for matters covered by the Settlement Agreement to the full extent allowed by state and federal law, pursuant to Code of Civil Procedure § 877.6(c) and § 877(b) and CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1).

## V.   CONCLUSION

For the reasons stated above, the Settling Parties respectfully request this Court (1) grant the motion for good faith settlement pursuant to California Code of Civil Procedure §§ 877 and 877.6; and (2) issue an order barring all claims against the Settling Parties for matters covered by the Settlement Agreement to the full extent allowed by state and federal law, pursuant to Code of Civil Procedure § 877.6(c) and § 877(b) and CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1).

Respectfully submitted,

DATED: June 22, 2026          PALADIN LAW GROUP® LLP

By: */s/ John R. Till*
John R. Till
Kirk M. Tracy
Counsel for DeBenedetti Investment Associates

DATED: June 22, 2026          STANZLER LAW GROUP

By: */s/ Jordan S. Stanzler*
Jordan S. Stanzler
Counsel for Defendants Robert Scott and Phase II

/ / /

JOINT NOTICE AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

DATED: June 22, 2026                WOOD SMITH HENNING & BERMAN LLP

By: /s/ David Wood
David Wood
Mark D'Argenio
Counsel for Defendant Charles H. Young and
Intervenor Zurich American Insurance Company
intervening on behalf of Defendant Circraft, Inc.

DATED: June 22, 2026                SINNOTT, PUEBLA, CAMPAGNE &
CURET, APLC

By: /s/ Sharon R. Lewis
Blaise S. Curet
Sharon R. Lewis
Counsel for Defendants, Estate of Lee Adams,
Deceased, ex. rel. Zurich American Insurance
Company, as the successor by merger to Maryland
Casualty Company, and Estate of Anne S. Adams,
Deceased, ex. rel. Zurich American Insurance
Company, as the successor by merger to Maryland
Casualty Company

DATED: June 22, 2026                HIRSCH CLOSSON, APLC

By: /s/ Jodi E. Lambert
Robert V. Closson
Jodi E. Lambert
Counsel for Defendant Estate of Lee Adams,
Deceased ex. rel. Insurance Company of the West;
Estate of Anne S. Adams, Deceased ex. rel.
Insurance Company of the West

DATED: June 22, 2026                CLYDE & CO US LLP

By: /s/ Brian D. Harrison
Alexander E. Potente
Brian D. Harrison
David M. Rhodes
Counsel for Intervenor Travelers Casualty and
Surety Company, formerly known as The Aetna
Casualty and Surety Company, an insurer of Circraft
Inc., a suspended corporation

///



JOINT NOTICE AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

DATED: June 22, 2026          CLYDE & CO US LLP


By: _/s/ Brian D. Harrison_____
Alexander E. Potente
Brian D. Harrison
David M. Rhodes
Attorneys for Defendants, Estate of Lee Adams,
Deceased, ex. rel. Aetna Casualty & Surety
Company, and Estate of Anne S. Adams, Deceased,
ex. rel. Aetna Casualty & Surety Company Inc.

**Signature Attestation**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document had been obtained from each of the other signatories whose signatures are indicated by a conformed signature ("/s/") within this e-filed document.

DATED: June 22, 2026          PALADIN LAW GROUP® LLP


By: _/s/ John R. Till_____
John R. Till
Kirk M. Tracy
Counsel for DeBenedetti Investment Associates



JOINT NOTICE AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF