UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBENEDETTI INVESTMENT ASSOCIATES,<br>Plaintiff,<br>v.<br>CIRCRAFT INCORPORATED, et al.,<br>Defendants. | Case No. 23-cv-01454-RFL<br>**ORDER DENYING SETTLEMENT MOTIONS**<br>Re: Dkt. Nos. 124, 126 |

DeBenedetti sued several defendants in connection with alleged contamination of property it owns. Three of those defendants—Circraft, the Estate of Lee Adams, and the Estate of Anne Adams—have not appeared in this litigation. The remaining parties have entered into a settlement agreement and now request that the Court: (1) appoint the Clerk of Court as an elisor to sign the settlement agreement on behalf of Circraft and the Estates; and (2) find that the settlement was entered into in good faith, which, under California law, would allow a discharge of the right to seek contribution. For the reasons set forth below, the motions are **DENIED**. This Order assumes that the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

***Elisor.*** The settling parties request the appointment of the Clerk of Court as an elisor to sign the settlement agreement on behalf of Circraft and the Adams Estates. However, they have identified no legal basis, and the Court is aware of none, allowing federal courts to exercise their inherent authority to appoint elisors to sign releases on behalf of parties that have not appeared in

the litigation and are thus not before the Court.

At the hearing, the settling parties emphasized their view that Circraft has been properly served in this litigation. That appears accurate. The website for the California Secretary of State reflects that the company has been in suspended status as of September 1994. (*See* Dkt. No. 131 ¶ 4.) "A suspended corporation may be sued, and service of process upon a suspended corporation is effected in the same manner as service upon a corporation that is not suspended." *Grell v. Laci Le Beau Corp.*, 73 Cal. App. 4th 1300, 1306 (1999) (citations omitted). Service on a corporation may be effected by serving, among other persons, the secretary or CFO. *See* Cal. Civ. Proc. Code § 416.10(b). As of March 1992, the latest date for which the Secretary of State has documents on file concerning Circraft, Charles Young has been the company's secretary and CFO. (*See* Dkt. No. 131 ¶ 3; *see also id.* at 16.)[1] Accordingly, DeBenedetti appears to have permissibly served Circraft by effecting service on Young, and Circraft appears to have defaulted by not appearing or responding to the complaint. But that does not provide a basis for the Court to sign settlement agreements on Circraft's behalf. If the parties wish to preclude Circraft from asserting counterclaims or cross-claims based on the events in this litigation, the proper route is to seek default judgment.

Similar reasoning applies to the request to appoint an elisor as to the Estates. Instead of serving the Estates' representatives, DeBenedetti served some of their insurance providers. That is permissible under California law: "[A]n action to establish the decedent's liability for which the decedent was protected by insurance may be commenced or continued against the decedent's estate without the need to join as a party the decedent's personal representative or successor in interest." Cal. Prob. Code § 550(a). Where a representative of an estate is not joined, however, "a judgment in the action . . . does not adjudicate rights by or against the estate." *See id.* § 553. Rather, a plaintiff may simply pursue damages "within the limits and coverage of the insurance." *See id.* § 554(a).

[1] All citations to page numbers in filings on the docket refer to ECF page numbers.

But those provisions do not authorize the Court to sign settlement agreements on behalf of the Estates. That is particularly so when the releases in question sweep beyond the scope of the insurance assets at issue in this litigation. Were an elisor to sign on behalf of the Estates, the Estates would lose their rights to pursue claims arising out of the alleged contamination and the subject property more broadly. (*See* Dkt. No. 124-1 at 16.) Thus, while this action was permissibly commenced against the Estates by serving their insurers, the Probate Code does not appear to authorize the relief sought in the elisor motion.

Section 664.6 of the California Code of Civil Procedure does not compel a different result. That statute allows an insurer to sign a settlement agreement on behalf of an insured. *See id.* § 664.6(b)(3). It does not, however, allow an insurer to bind the insured as to future claims that might be brought in a different lawsuit. Indeed, were Section 664.6 that broad, there would be no need to appoint an elisor, as the insurers could simply sign on behalf of the Estates.

The Court recognizes DeBenedetti's diligence in attempting to locate representatives of the Estates. (*See* Dkt. No. 131 ¶ 5; *see also id.* ¶ 7.) But if the settling parties wish to obtain a judgment that adjudicates rights of the Estates beyond the insurance assets at issue in this litigation, DeBenedetti must actually serve a representative of each Estate. Given DeBenedetti's submission, it seems likely that DeBenedetti could meet the standards for a motion for substituted service by publication. *Cf. Doe v. U.S. Off. of Pers. Mgmt.*, No. 25-cv-02930-RFL, 2025 WL 2482240 (N.D. Cal. Aug. 28, 2025). If the Estates did not appear following publication, which also seems likely on this record, default judgment could then be sought.

In sum, the Court does not see a basis for bypassing the traditional mechanisms of service and default judgment. Nor does there appear to be any legal basis for exercising the Court's inherent authority to sign releases on behalf of those who have not appeared in this litigation or had an opportunity to object to the terms of those releases.

***Good-Faith Settlement.*** "The Settlement Agreement is contingent upon . . . the Court's appointment of the Clerk of the Court as an elisor to sign the Settlement Agreement on behalf of" Circraft and the Estates. (Dkt. No. 124 at 12.) Because this Order denies the elisor requests,

it denies as moot the motion for determination of good-faith settlement.

**IT IS SO ORDERED.**

Dated: August 17, 2026

RITA F. LIN
United States District Judge